CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

11/20/2023

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA    )
   )
v.    )
   )
FREDRIC GUMBINNER,    )     Criminal No. 3:23-cr-00011-NKM
   )
        Defendant.    )
   )

### STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Indictment, insofar as they pertain to GUMBINNER, and the following facts are true and correct, and that had this matter gone to trial, the United States could have proven each of these facts beyond a reasonable doubt. These facts do not constitute all the facts known to the parties concerning the charged offense. Rather, this Statement of Facts is intended only to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty, pursuant to Federal Rule of Criminal Procedure 11(b)(3).

GUMBINNER was a businessman and attorney residing in Fairfax, Virginia. GUMBINNER owned and operated several companies that were engaged in raising private capital and conducting specialized lending. GUMBINNER had no law-enforcement or military experience or training and no firearms training. He has never resided in Culpeper County, Virginia.

Defendant RICK TARIQ RAHIM ("RAHIM") owned and operated several businesses, including BV Management LLC and Food Truck Company LLC.

Defendant SCOTT HOWARD JENKINS ("JENKINS") was the Sheriff of Culpeper County, Virginia, which is located in the Western District of Virginia. JENKINS was an agent of both Culpeper County and the Culpeper County Sheriff's Office, both of which received benefits exceeding $10,000 per year under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance in each of the fiscal years ending 2019, 2020, 2021, 2022, and 2023.

Individual 1 was a businessperson and Auxiliary Deputy of the Culpeper County Sheriff's Office residing in Prince William County, Virginia.

Individual 2 was a businessperson residing in Fairfax County, Virginia, and was an associate of GUMBINNER.

1

GUMBINNER and RAHIM met at a poker game prior to the spring of 2019. In or around April 2019 and through at least the end of 2019, GUMBINNER and RAHIM were negotiating various business arrangements including ones whereby GUMBINNER, directly or through an entity, would provide or arrange to provide financing to and/or invest in BV Management LLC and other business ventures with RAHIM.

In or around April 2019, and in numerous conversations thereafter, RAHIM represented to GUMBINNER that RAHIM could use his relationship with JENKINS to obtain a Sheriff's deputy badge for others. GUMBINNER expressed to RAHIM his interest in acquiring a Sheriff's deputy badge. RAHIM indicated that he could help GUMBINNER obtain a badge, but that GUMBINNER would have to make a payment to JENKINS or his campaign in exchange. RAHIM agreed to facilitate that transaction.

In or around July and August 2019, GUMBINNER and RAHIM discussed the amount of money required to obtain a Sheriff's deputy badge. RAHIM indicated that GUMBINNER would have to make a $20,000 "donation" to obtain the deputy badge.

On or about October 1, 2019, GUMBINNER and RAHIM met at RAHIM's office. GUMBINNER wrote RAHIM check number 1169 drawn on his personal bank account, in the amount of $20,000, payable to Food Truck Company LLC. In the memo line, GUMBINNER falsely wrote, "LLC Investment." GUMBINNER understood that RAHIM would pay all or a portion of the funds to JENKINS or his campaign as a *quid pro quo* exchange to induce JENKINS to deputize GUMBINNER.

GUMBINNER agreed to give the $20,000 payment to RAHIM corruptly and with intent to influence or reward JENKINS in connection with the business or transactions of Culpeper County and the Culpeper County Sheriff's Office, namely, the appointment of GUMBINNER as an Auxiliary Deputy Sheriff and issuance of a Sheriff's Office deputy badge and identification card.

On or about December 23, 2019, RAHIM texted GUMBINNER and Individual 1 stating, "Fred is the close friend who helped me provide all the recent support for our great Sheriff," and asking Individual 1 to facilitate GUMBINNER being sworn in as an Auxiliary Deputy Sheriff.

On or about March 6, 2020, GUMBINNER traveled to Culpeper. The Circuit Court Clerk swore GUMBINNER in as an Auxiliary Deputy Sheriff and the Sheriff's Office issued him a deputy badge and identification card. JENKINS was not present.

GUMBINNER did not receive any training from the Culpeper County Sheriff's Office. He did not qualify in the use of a firearm. He did not perform any volunteer work for the Culpeper County Sheriff's Office. After being sworn in as an Auxiliary Deputy Sheriff, GUMBINNER purchased a firearm.

On two occasions, while traveling by air, GUMBINNER's boarding pass inaccurately failed to indicate that he was cleared for TSA Pre-Check. GUMBINNER showed his Culpeper

2

County Sheriff's Office deputy badge to request access to the TSA Pre-Check line. On one occasion, he was granted access, and on the other occasion, he was denied access.

On one occasion, while driving on a highway, GUMBINNER encountered a traffic jam. GUMBINNER drove on the shoulder to bypass the traffic jam and exit the highway. As he passed a marked police car, he showed his Culpeper County Sheriff's Office deputy badge to the officer through the car window.

In or around March 2021, when scheduling an appointment for a Covid-19 vaccine, GUMBINNER represented himself as a law enforcement officer or first responder in order to try to secure a vaccine appointment before the general public. He did not receive an early vaccination.

In or around February 2022, GUMBINNER was issued a ticket for parking in a handicapped space with an expired handicapped placard. When GUMBINNER went to the courthouse to contest the ticket, he informed the issuing deputy that he was a Deputy Sheriff with the Culpeper County Sheriff's Office.

In or around 2021, GUMBINNER showed his Culpeper County Sheriff's Office badge to Individual 2 and indicated that he had made a payment to JENKINS to obtain it. Individual 2 expressed interest in acquiring a deputy badge. GUMBINNER subsequently introduced Individual 2 to Individual 1 with the intent to assist Individual 2 in obtaining a badge in exchange for a payment to JENKINS. On or about September 9, 2022, GUMBINNER texted Individual 1, "Also [Individual 2] is in for supporting the Sheriff," which referred to Individual 2's agreement to pay JENKINS in exchange for a deputy badge.

Respectfully submitted,

Celia Choy
Trial Attorney, Public Integrity Section
U.S. Department of Justice

Melanie Smith
Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States could have proven the same beyond a reasonable doubt.

Fredric Gumbinner, Defendant

I am Fredric GUMBINNER's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Thomas J. Bondurant, Jr., Esquire
Counsel for Defendant

4